JOHN S. DICKERSON *et al.*, Appellants, *against* GERSON N. HERMAN, Impleaded, &c., Respondent.

(Decided June 7th, 1880.)

Where a preliminary injunction has been granted in an action, upon filing an undertaking in the usual form, a subsequent stipulation between the parties to the action that the injunction be vacated upon certain conditions stated in the stipulation, does not operate to release the sureties in the undertaking from their obligation.

APPEAL from an order of this court for a reference to ascertain the damages sustained by reason of an injunction.

The plaintiffs commenced an action in this court to declare a chattel mortgage, referred to in the complaint, null and void, and for a perpetual injunction restraining the defendants from selling, transferring, removing or otherwise disposing of or intermeddling with the property described in the mortgage, and obtained a preliminary injunction with an order to show cause why the same should not be made permanent, and at the time of the application for such preliminary injunction, presented to the court the usual undertaking upon injunction signed by two of the plaintiffs, which was duly approved and accepted by the court. Upon the return of said order to show cause and the hearing of said motion for an injunction pending the action, on the 3d day of April, 1879, an order was made denying the said motion for an injunction, upon the defendant Gerson N. Herman filing certain security, and, in case of the failure of said Herman to file said security, granting said motion for an injunction. On the 15th day of April, 1879, the parties to the action stipulated that the injunction order granted herein should be vacated upon certain conditions stated in said stipulation. The action coming on to be tried, the complaint of the plaintiff was dismissed upon the merits, and judgment thereon was accordingly entered on the 3d of October, 1879.

On the 5th of November, 1879, a motion was made for an

order to ascertain and compute the damages sustained by the defendant, Herman, by reason of the injunction granted in this cause, and the court made an order of reference to ascertain and compute such damages; and from such order the plaintiffs appealed.

*A. Prentice,* for appellants.

*Albert Cardozo,* for respondent.

VAN BRUNT, J.—[After stating the facts as above.]—The ground upon which the appellants claim that no order of reference should have been made in this case is, that they have been discharged from all liability upon their undertaking by reason of the stipulation entered into between the parties after the hearing upon the motion to make permanent the preliminary injunction. It is difficult to see in what way the interests of the sureties have in any way been affected adversely by the stipulation.

It is clear that if the court had set aside the injunction upon the hearing of the preliminary motion, and the plaintiffs' complaint had been finally dismissed, that the right of the defendant against the sureties for damages sustained by the preliminary injunction could not be questioned.

The condition of the case at bar by the stipulation, was not rendered any more unfavorable to the sureties than it would have been by a decision upon the motion for an injunction of the kind mentioned. The only effect of the stipulation was to limit the liability of the sureties to damages caused prior to the date of the stipulation, by the preliminary injunction, which up to that time had not been vacated or set aside.

An inspection of the order of the court shows that the injunction was to be granted unless the proceeds of the property were secured by a bond to be given by the defendant Herman. And if that order had remained in force, and Herman had failed to give the bond required by the order, the injunction would have continued, pending the suit, and the damages would have continued to run against the sureties upon the

Dickerson *v.* Herman.

undertaking.   Instead of that, the parties to the action agreed that the preliminary injunction might be vacated, and virtually provided that the question of damages under the injunction should be limited to the time of the hearing of the motion for the injunction.

I see no reason why the parties may not stipulate that an injunction be vacated upon the hearing of the motion to make it permanent, and that the rights of the parties upon the undertaking, given upon the preliminary injunction, shall thus be precisely the same as though the injunction had been vacated by the court.

That is all that was done in this case, and I entirely fail to see how any of the rights of the sureties have been affected. The sureties certainly have no vested right in having the damages under the injunction made as large as possible, and any action of the parties which tends to diminish their liability, which tends to limit it to a given time instead of allowing it to continue to the end of the suit, cannot be said to be prejudicial to their interests.

I am of the opinion, therefore, that the stipulation entered into in this case in no way affected any rights of the sureties or operated as any release of the obligation entered into by them upon the execution of the undertaking in question.

The order of reference should be affirmed, with costs.

.LARREMORE, J., concurred.

Order affirmed, with costs.